MYRTIE L. LAKE

*v.*

ROBERT L. LAKE.

[Filed November 28th, 1903.]

The commission of adultery by a husband at a place other than his own dwelling is not desertion.

On bill for divorce. *Ex parte.*

*Mr. Joseph H. Powell,* for the complainant.

REED, V. C.

The bill sets out that the parties were married in 1885; lived at Port Norris in this state until May, 1899, then went to New York, where complainant lived with her husband for two months; that defendant committed adultery and she left him and began a suit for divorce; that he then sought and obtained her forgiveness, when she abandoned her suit and returned and lived with him in New York for two months. It sets out that he deserted her in August, 1899.

The testimony, taken *ex parte,* proves the marriage, their cohabitation at Port Norris for about fourteen years, up to March, 1899.

It proves the adultery of the husband with one Bertie Snead; that the complainant left her husband and filed a bill for divorce; that she afterward condoned his offence; afterwards, upon discovering her husband in the company of the said Bertie Snead, she again left him, returning to the home of her sister at Port Norris, with whom she has since lived in the State of New Jersey. It appears that she has not seen her husband since she left him in New York, and that he now lives in the State of Virginia.

Lake *v.* Lake.

It appears that the husband obtained a divorce from the complainant in the circuit court in the county of Warwick, Virginia, on March 17th, 1903. No notice of the pendency of such suit was served upon the complainant, nor had she any knowledge of it.

A decree for an absolute divorce in this case was advised by the master upon the ground that the husband had deserted his wife in August, 1899. There was no proof of an intention to desert her, except the fact that he had committed adultery.

Now, it is true that when a husband brings his mistress into his house and so makes it impossible for a wife to live there, he practically drives his wife from his home and his act may be characterized as desertion; but in the case of an adulterous act or acts by her husband with a woman at places other than the dwelling-place of the parties such an inference does not arise. *Stiles* v. *Stiles, 7 Dick. Ch. Rep. 446; Tracy* v. *Tracy, 43 Atl. Rep. 713.*

While such an adulterous act might justify a wife in separating from her husband, it is not ground for inferring a constructive desertion by him.

The bill does not set out any act of adultery. It merely states that she filed a bill for a divorce for adultery and that she afterward condoned his adulterous act. If adulterous conduct can be inferred from this statement, there is no charge that he had done anything after the condonation to revive the original offence at the time when she left him.

The desertion of the husband therefore, stated in the bill, has not even an adulterous act to support it.

The right of the wife to a divorce must rest, if it exists at all, not upon his desertion but upon his alleged adultery.

Respecting the decree obtained in the Virginia court, it seems to be without force in this state, inasmuch as no notice of such suit was given to the defendant, nor had she any knowledge of its pendency. *Felt* v. *Felt, 14 Dick. Ch. Rep. 606.*

The divorce is refused.